KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1463-BTM |
| Plaintiff, | ) | Date: August 8, 2008<br>Time: 1:30 p.m.<br>Place: Courtroom 15 |
| v. | ) | |
| MARTHA LILIA TORRES, | ) | The Honorable Barry T. Moskowitz |
| Defendant. | ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions For Reciprocal Discovery and Leave to File Further Motions. These motions are based on the files and records of this case, together with the attached statement of facts.

/ /

/ /

/ /

/ /

## I

## STATEMENT OF THE CASE

On May 7, 2008, a federal grand jury in the Southern District of California returned a two-count indictment against Defendant MARTHA LILIA TORRES ("Defendant"). The Indictment charges Defendant with one count of importing approximately 48.22 kilograms (106.30 pounds) of marijuana into the United States, in violation of 21 U.S.C. §§ 952 & 960, and one count of possessing approximately 48.22 kilograms (106.30 pounds) of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On May 8, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty. On June 13, 2008, Defendant filed her discovery motions. The United States files the following motions for reciprocal discovery and leave to file further motions.

## II

## STATEMENT OF FACTS

### A. OFFENSE CONDUCT

#### 1. Events Leading to Seizure of Marijuana

On April 27, 2008, at approximately 9:35 a.m., Defendant drove a grey, 1997 Honda Accord, bearing Mexico license plate BA/MX AJA1025, into the vehicle primary lanes at the Calexico, California, East Port of Entry. The United States Customs and Border Protection Officer Cesar Araujo was working the primary inspection lane when Defendant approached in her car. Defendant presented her valid Border Crossing Card and gave Officer Araujo a negative customs declaration. Defendant told Officer Araujo that she was going to Calexico. Officer Araujo referred Defendant and her car to the secondary inspection area.

In the secondary inspection area, Officer Saul Baca received a negative customs declaration from Defendant and inquired as to who owned the car and where Defendant was going. Defendant stated that she owned the car and that it was registered in her name. Defendant further stated that she was on her way to Wal-Mart. During their conversation, Officer Baca noticed that Defendant was avoiding eye contact.

Officer Baca requested that Canine Enforcement Officer David Alba screen the car with his narcotics detector dog, Cindy. Upon conducting a sweep of the car, Officer Alba's dog alerted to the

right side rocker panels and quarter panels of Defendant's car. Officer Bacar conducted a more thorough examination of the car and discovered several packages wrapped in clear cellophane plastic concealed in a non-factory compartment in the gas tank, in the quarter panels, and in the rocker panels of the car. Officer Baca performed a field test on one of the packages and it tested positive for marijuana. A total of twenty-six packages were removed from the car with a total weight of 60.94 kilograms (134.07 pounds). Defendant was arrested.

**2. Post-Miranda Statements**

On April 27, 2008, at approximately 2:29 p.m., United States Immigration and Customs Enforcement (ICE) Agent Rosalinda Estrada, as witnessed by ICE Agent Stewart Harvey, advised Defendant was of her Miranda rights in the Spanish language. Defendant acknowledged that she understood her Miranda rights, and she agreed to waive those rights and speak with the ICE agents without the presence of counsel.

Defendant claimed that she did not know the marijuana was concealed inside her car. She said she was going to Santo Tomas. Defendant said she was separated from her husband, and she was currently in a relationship with Gustavo Mesa Vargas, whom she has lent her car to in the past. Defendant said she has known Mr. Vargas for three years and has been dating him for two years. Defendant claimed that Mr. Vargas uses drugs. Defendant also stated that Mr. Vargas has friends that use and sell drugs.

Defendant said she owned the 1997 Honda Accord, and that she had purchased it six months ago in Mexicali from a used car dealership. Defendant stated that she has crossed into the United States on three prior occasions using her car. Defendant said that only she and her friend, Mr. Vargas, have driven the car since she bought it. Defendant said that Mr. Vargas last used her car on April 26, 2008 to drive home. Defendant said she picked up her car from Mr. Vargas' house because she wanted to drive to Santo Tomas. Mr. Vargas asked Defendant if he could borrow her car when she arrived at Santo Tomas. When asked how Mr. Vargas was going to get to Santo Tomas, Defendant said that he was going to cross into the United States through the pedestrian lanes. Defendant could not explain why Mr. Vargas did not ride with her to Santo Tomas.

/ /

**III**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

**1. Defendant's Disclosures Under Fed R. Crim. P. 16(b)**

On June 13, 2008, Defendant invoked Fed. R. Crim. P. 16(a) in her discovery motion and the United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 66 pages of discovery (including reports of the arresting officers and agents, a criminal history report, photographs of the car and marijuana seized) and 1 DVD-ROM containing Defendant's videotaped, post-arrest. As of the date of this Motion, the United States has **not** received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in her case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

/ /

**2. Witness Statements Under Fed. R. Crim. P. 26.2**

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B. MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Reciprocal Discovery and Leave to File Further Motions.

DATED: July 25, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney